IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Vince Matthews<br>individually<br>and on behalf of all persons<br>similarly situated<br>as class representative under<br>Illinois Law and/or as<br>members of the Collective as permitted<br>under the Fair Labor Standards Act;<br><br>      Plaintiff,<br>   vs.<br>Global Security Group, Corp.,<br>and<br>MONTAGUE A HALL<br>as an individual Defendant<br>under FLSA, Illinois Wage Laws<br>and under Section 7434<br><br><br>     Defendants. | )<br>)<br>)<br>) CASE NO 18 CV 8080<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JURY TRIAL DEMANDED
ON ALL COUNTS**

**CLASS AND COLLECTIVE ACTION COMPLAINT**

NOW COMES the Plaintiff, Vince Matthews, individually and on behalf of all others similarly

situated, as class representative, by and through his undersigned counsel of record, upon personal

knowledge as to those allegations in which he so possesses and upon information and belief as to

all other matters, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA"), the

Illinois Minimum Wage Law 820 ILCS 105/1 *et seq* (hereinafter "IMWL" ) the Chicago

Minimum Wage Ordinance (CMWO) Illinois Wage Payment and Collection Act 820 ILCS

115/1 *et seq.* (West 2002)) (hereinafter "IWPCA" ) and  and brings this cause of action against

Defendant Global Security Group, Corp.,  (Hereinafter referred to as "Global"), and against

1

Defendant MONTAGUE A HALL as an individual under FLSA, Illinois Wage Laws and Section 7434 and in so doing states the following:

## **NATURE OF THE ACTION**

1.  Plaintiff, Vince Matthews alleges individually and on behalf of himself and other similarly situated current, former and future employees of the Defendant, (Hereinafter references to "Plaintiff" are inclusive of both Individual Plaintiffs and those employees that are similarly situated to the Individual Plaintiffs) that he, under both federal and state wage laws, are entitled to be paid for all hours worked and to receive minimum wage for all hours worked and/or receive time and half for all hours worked over forty (40) hours per week and/or paid for time and half at the proper rate of pay.

2.  Plaintiff presents three (3) separate wage claims which are summarized as follows:

    a.  Claim 1 – Plaintiff and Class are not paid overtime rate for overtime hours as:

        i.  Defendant pays overtime hours at straight time and pays via cash payments to cover for these overtime violations.

    b.  Claim 2 – Plaintiff and Class are not paid overtime rate for overtime hours as:

        i.  Defendant pays overtime hours at straight time and pays via non-payroll checks to cover for these overtime violations.

    c.  Claim 3 – Plaintiff and Class are not paid overtime rate for overtime hours as:

        i.  Defendant pays overtime hours via false claims of "reimbursement" when no reimbursement is needed, and/or pays Plaintiff and class at a lower rate of pay then the overtime rate via false/fake "reimbursements".

3.    Plaintiff and Class also present a claim that the cash and non-payroll payments also are violations of wage laws, as Defendants are not paying Plaintiff and class taxes, social security, and other "entitlement" programs.

4.    Plaintiff asserts claims pursuant to 26 U.S.C.A. § 7434 (fraudulent filing of a false information return) for the filing of false tax documents that under reported his wages (hereinafter referred to as "False Filing" claims). The Defendants would pay Plaintiffs for work performed over forty hours without a payroll check and not report those payments as wages to the Internal Revenue Service. This provided the Defendants with competitive advantage by artificially lowering their costs, *i.e.*, by not paying the employer portion of social security contributions, unemployment insurance contributions, and other employee benefits that the government and insurance companies determine based upon the total amount of wages earned.

5.    Defendants were fully aware that they were not reporting all income, thus Defendants willfully violated 7434 and Defendants also were fully aware that they under paid for employer payments, and received those benefits of underpayment, thus further demonstrating the willful nature of the underreporting.

6.    Plaintiff asserts the false filing claims as a class action.

7.    Plaintiff Matthews also has an individual claim, pursuant to the IWPCA, FLSA and IMWL, for an improper deduction from his last check. In Plaintiff's last paycheck Defendants stole from him $1,350.00 and claimed it was a "loan repayment", however Plaintiff took no loan from Defendants nor owed Defendants ANY money for any reason.

a. It is possible that other unauthorized deductions were taken by Defendants from other employees, Plaintiff reserves the right to amend to bring a class claim for other deductions on a class basis upon discovery of such deductions and/or to file a new lawsuit should this court chose to deny that request for a new class allegations.

8. Defendants policy and procedure of not paying overtime rate for overtime hours is a violation of the FLSA, IMWL And the CMWO.

9. This action is brought as a class action pursuant to the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") Chicago Minimum Wage Ordinance (CMWO).

10. This action is also brought as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, 207 and 216(b) to recover unpaid wages for overtime pay which was not compensated at the proper rate of pay, rate of pay to include all compensation and for violations of the tip pool regulations.

11. Plaintiff's federal FLSA claims are brought as "opt-in" collective action claims pursuant to the FLSA; state law and City of Chicago claims are brought as a conventional class actions.

12. Plaintiff, in his class claims, request injunctive and declaratory relief, and compensation and credit for all uncompensated work required, suffered, and/or permitted by Defendants, liquidated and/or other damages as permitted by applicable law, restitution and payment of all benefits Defendants obtained from their unlawful business practices and attorneys' fees and costs.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C 1332 and 1367. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 based on 29 U.S.C. 216(b) known as the Fair Labor Standards Act.

14. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C 1332 and 1367 and Plaintiff seeks application of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL")Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002))("IWPCA" ).

15. The Court is authorized to issue a declaratory judgment.

16. Venue is proper in this Court.

17. Defendant does business and is a resident of this District and Division of Federal Court.

## ENTERPRISE JURISDICTION

18. Plaintiff alleges Enterprise Jurisdiction, as Defendant is sufficient size to engage in commerce.

19. Defendant is a large private security firm, employing up to 200 employees.

20. Defendant provides armed and unarmed private security for at least 27 clients in 27 locations in the Chicago area, many of which have service 24 hours a day, seven days a week.

21. As an example of the size of the Defendant, one security contract, for an apartment in Hinsdale ILL, has a total contract value/sales of $450,000.

22. Thus Plaintiff alleges, given the large number of security sites and large staff, that Defendant has at least $500,000 in sales per year.

23. Defendant's operations exceed sales of $500,000.00.

24. Defendant, is an enterprise that regularly and recurrently have at least two employees engaged in commerce.

25. Defendant is not a Not-For-Profit entity.

26. Further Defendant engages in Commerce, as some of his contracts are not located in Illinois. For example Defendant has a contract in New York.

27. Defendant's website includes the following admission of engagement in commerce:

   a. "Global Security Group has or currently provides services for **The Port Authority of NY/NJ, The Springfield Mass Transit District, Senator Mark Kirk's office**, **Cummins and Allison Corporation, Hellenic Maritime Limited, Hard Rock International, River Edge Park, and Forest City Ratner,** to name a few."


**FACTS REGARDING THE PLAINTIFF**


28. Plaintiff, Vince Matthews, is a resident of the State of Illinois.

**GLOBAL'S CORPORATE FACTS**

29. Defendant Global Security Group Corp., is a corporation or business which does business in Illinois.

30. Global operates a large private security business in Illinois and New York.

6

31.     Defendant employs a staff of approximately 200 employees.

32.     MONTAGUE A HALL is the owner and/or operator of Global.

**CLASS AND COLLECTIVE ACTION ALLEGATIONS**

A.      **Class Allegations under IMWL and CMWO**

33. Plaintiff brings state wage law claims, pursuant to the Illinois Minimum Wage Law 820 ILCS 105/1., the Chicago Minimum Wage Ordinance (CMWO) as individual and class action. The Class is defined as all current, former and future employees of Defendant's paid a straight-time wages for overtime hours and/or paid overtime hours at an insufficient rate of pay.

34. Plaintiff's IMWL Class includes claims for all owed wages due for three (3) years prior to the filling of this complaint and until an judgment is entered in this case (the "Class" and "Class Period," respectively) (hereinafter, "Plaintiff" or "Plaintiffs" refers to both Named Plaintiffs and the Class).

35. Plaintiff's Chicago Minimum Wage Ordinance (CMWO) Class claims for all owed wages due for three years prior to the filling of this complaint and until a judgment is entered in this case (the "Class" and "Class Period," respectively) (hereinafter, "Plaintiff" or "Plaintiffs" refers to both Named Plaintiff and the Class).

36.     Excluded from the Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the Class period has had, a controlling interest in Defendant; the Judge to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper request for exclusion from the Class.

37. **Numerosity:** The persons in the Class identified above are geographically diverse and so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants. Upon information and belief, there are hundreds of members of the Class based upon the fact that during the Class Period. The numerosity is also demonstrated by the Defendant having a work force of 200 security employees at any one time and due to the high "turnover" of these positions the number of potential class members is increased substantially. It is estimated that there are at least 200 persons in the IMWL Class and CMWO Class.

38. **Commonality**: There are numerous questions of law and fact common to the Class that predominate over any questions affecting only individual members. The questions of law and fact common to this Class that predominate over any question solely affecting individual members of the Class, including but are not limited to:

    a. Whether the Defendants employed Plaintiff and the Class within the meaning of the IMWL and CMWO.

    b. What proof of hours worked is sufficient where employers fail in their duty to maintain time records

    c. Whether the Plaintiff and the Class were paid overtime wages pursuant to the overtime provisions of the IMWL and CMWO.

    d. Whether Defendants engaged in a continuing policy, pattern or practice of failing to pay all overtime wages at the proper rate of pay which includes all compensation;

    e. Whether Defendants paid straight time wages for overtime work hours.

f.   Whether Defendants paid false/fake "reimbursements" to hide insufficient overtime payments.

39.   **Typicality**:   The claims of Representative Plaintiff are typical of the Class.

40.    **Adequacy:**   Representative Plaintiff will fairly and adequately represent the interests of the Class.

41.   **Superiority:**   A class action is superior to other available methods for their fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation, where individual Plaintiff lack the financial resources to vigorously prosecute separate lawsuits in Court against a corporate Defendant like Global.

42.   The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

43.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of this litigation where no individual employee can justify the commitment of the large financial resources to vigorously prosecute a lawsuit in Federal Court against the corporate Defendant.

44.   The Defendant has acted or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

45.   IMWL and CMWO violation claims are brought and maintained as a class for all IMWL and CMWO claims asserted by the Plaintiff.

46. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

47. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of this litigation where no individual employee can justify the commitment of the large financial resources to vigorously prosecute a lawsuit in against the corporate Defendant.

48. The Defendant has acted or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

**Class Allegations under 7434**

49. This count arises from the Defendants' violation of 26 U.S.C.A. § 7434.

50. Defendants pay the Plaintiff and Class for overtime work hours with a non-payroll check, and/or cash and/or via false "reimbursement" payments.

51. Additionally Defendant paid Plaintiffs for entire pay periods, during the Plaintiff's first two-three months of work, where all the Defendants payments to Plaintiff (straight time and overtime hours) were paid via cash payments. (hereinafter referred to as "non-payroll payments")

52. Defendants reported Plaintiff and Classes' earnings to the Internal Revenue Service on Internal Revenue Service forms W2 and W3s it failed to include the non-payroll payments as wages.

53. Defendants were fully aware that they were not reporting all income, thus Defendants willfully violated 7434 and Defendants also were fully aware that

they under paid for employer payments, and received those benefits of underpayment, thus further demonstrating the willful nature of the underreporting.

54. Defendants' willfully lied to the government in filing the false documents.

55. 26 U.S.C.A. § 7434 provides that**: "**If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."

56. 26 U.S.C.A. § 7434(b) allows for damages of $5,000 per violation along with reasonable attorney fees.

57. Plaintiff brings 26 U.S.C.A. § 7434 claims (Hereinafter referred to as 7434 claims), as individual and class action. The Class is defined as all current, former and future employees of Defendant's paid any wages via cash, non-payroll check and/or false "reimbursement" payments which are not taxed.

58. Plaintiff's 7434 Class includes claims for false payments all owed wages due for six (6) years prior to the filling of this complaint and until an judgment is entered in this case (the "Class" and "Class Period," respectively) (hereinafter, "Plaintiff" or "Plaintiffs" refers to both Named Plaintiffs and the Class).

59. Excluded from the Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the Class period has had, a controlling interest in Defendant; the Judge to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper request for exclusion from the Class.

60. **Numerosity:** The persons in the Class identified above are geographically diverse and so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants. Upon information and belief, there are hundreds of members of the Class based upon the fact that during the Class Period. The numerosity is also demonstrated by the Defendant having a work force of 200 security employees at any one time and due to the high "turnover" of these positions the number of potential class members is increased substantially. It is estimated that there are at least 200 persons in the 7434 Class.

61. **Commonality**: There are numerous questions of law and fact common to the Class that predominate over any questions affecting only individual members. The questions of law and fact common to this Class that predominate over any question solely affecting individual members of the Class, including but are not limited to:

    a. whether the Defendants employed Plaintiff and the Class as employees, subject to taxation and/or related regulations for 7434.

    b. whether the Plaintiff and the Class were paid wages in the form of cash payments which were not reported to the IRS as wages.

    c. whether the Plaintiff and the Class were paid wages in the form of non-payroll check payments which were not reported to the IRS as wages.

    d. whether the Plaintiff and the Class were paid wages in the form of "reimbursement" payments for work hours which were not reported to the IRS as wages.

     e.  Whether the payments to the Plaintiff and class for work hours, matched the payments reported to the IRS for the Plaintiff and classes wages.

62.  **Typicality**:  The claims of Representative Plaintiff are typical of the Class.

63.  **Adequacy:**  Representative Plaintiff will fairly and adequately represent the interests of the Class.

64.  **Superiority:**  A class action is superior to other available methods for their fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation, where individual Plaintiff lack the financial resources to vigorously prosecute separate lawsuits in Court against a corporate Defendant like Global.

65.  The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

66.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of this litigation where no individual employee can justify the commitment of the large financial resources to vigorously prosecute a lawsuit in Federal Court against the corporate Defendant.

67.  The Defendant has acted or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

68.     The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

69.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of this litigation where no individual employee can justify the commitment of the large financial resources to vigorously prosecute a lawsuit in against the corporate Defendant.

70.     The Defendant has acted or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

### The FLSA Collective Action

71.     Plaintiff brings claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA (29 U.S.C. § 216(b)), on behalf of all employees of Defendant who were, are, or will be employed by Defendant during the period of three (3) years prior to the date of commencement of this action through the date of judgment in this action, who were:

    a.  Paid straight time for overtime hours, via paying by cash payments.

    b.  Paid straight time for overtime hours, via paying by non-payroll checks.

    c.  Paid less than overtime rate of pay, by false "reimbursement" payments.

    d.  Paid insufficient payments of taxes, social security FICA ect., due to the above policies and practices.

    e.  Who were not compensated at one-and-one-half times the regular rate of pay for all work performed in excess of forty (40) hours per work week.

72. FLSA violation claims are brought and maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b), for all FLSA claims asserted by the Plaintiff, since the FLSA claims of the Plaintiff are similar to the FLSA claims of all security employees employed by Defendant.

73. Defendant is liable for improperly compensating Plaintiff and FLSA Collective under the FLSA, and as such notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendant's who have been denied proper payment of the overtime wages. These current, former and future employees would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. The similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## STATEMENT OF FACTS

**A.** **Global's policies, procedures and practices fail to pay proper overtime rate of pay at the proper rate of pay**

74. Plaintiff was employed by Global as an employee of the Defendant and Plaintiff regularly worked beyond forty hours but Defendants failed to pay overtime at the proper and correct rate of pay.

## FAILURE TO PAY OVERTIME WORK HOURS VIA DEFENDANTS'

## "ONLY PAYING STRAIGHT TIME"

## POLICY, PROCEDURE AND PRACTICE

75. Plaintiff and all Defendant security staff work/worked as hourly non-exempt employees.

76.     Defendant paid Plaintiff and many security staff for hours over 40 in a work week, via cash, non-payroll checks and/or fake "reimbursement".

77.     Plaintiff, individually, was paid $23.00 per hour for hours paid less than 40 hours.

78.     Defendant and Plaintiff Agreed he was to be paid $23.00 per hour for all hours worked below 40 per week.

79.     This is an IWPCA Agreement: that Plaintiff was to be paid $23.00 per hour.

80.     Defendant violated this Agreement in a number of ways, as described in detail below.

81.     One violation of the IWPCA Agreement was that Plaintiff was not paid time and a half (1.5) for all overtime work hours, thus Plaintiff was not paid proper overtime wages.

82.     Many other Defendant employees were paid in the same manner, via payments of cash wages, non-payroll checks and/or fake reimbursements.

83.     Plaintiff pleads specific overtime violations, as required by some District Court Judges, on a week by week basis.

84.     During the Pay period paid on October 19, 2018 Plaintiff was paid on his paycheck for 96.00 hours but Plaintiff also worked 16 additional hours above and over 96 hours but Plaintiff was paid via the fake "reimbursement" of $120.00 for each work week. Plaintiff's additional overtime 16 work hours should have been paid at a rate of pay of $34.50 per hour ($23 x 1.5 = $34.50) and resulted in a payment of $552.00 (16 x $34.5 = $552) instead of paying $240.00, Defendant falsely claimed a "reimbursement" of $240.00, in place of the overtime hours.

Thus Plaintiff is owed $312.00 in overtime wages for this one paycheck, as well as payment of related penalties, interest, costs and fees.

85.     Thus Plaintiff was not paid for $312.00 of overtime wages during the work weeks paid for on October. 19, 2018.

86.     This same paycheck also had a deduction from Plaintiff's wages of $1350.00, and a false claim of "loan repayment": this is a separate IWPCA claim.

87.     Additionally, the $1350 deduction also serves as a further overtime wage violation, as Plaintiff wages should have been as follows:

a.  $1840 Agreed wages ($23.00 x 80 hours) $552 in overtime as found "on check" ($34.50 x 16 hours) and $552 (16 additional hours), totaling $2944.00,

i.  yet Plaintiff was paid the fake reimbursement of $240 and other amounts ($1840 + $552 +$240 = $2632), and Defendant deducted $1350 thus the net wages for this paycheck equals $1282.00. Thus Plaintiff received no overtime wages whatsoever, due to the illegal deduction.

88.     Additionally, because Plaintiff did not agree to the deduction, Plaintiff was also not paid the IWPCA Agreed rate of pay of $23.00 per hour nor his FLSA rate of pay of $23.00 per hour, as he was only paid a gross wage total of $1,282.00 for 96 hours of paycheck paid time (not including off-the-clock work time).

a.  Thus Plaintiff was paid a rate of pay of $13.35 per hour for all hours and this is a separate violation of the IWPCA.

**Chicago Minimum Wage Ordinance.**

89.     The City of Chicago, Illinois has a minimum wage of $12.00 per hour for non-tipped employees as of July 1, 2018.

90.     This minimum applies to employees who work two hours in any two-week period in the City of Chicago.

91.     Plaintiff worked two hours in the City of Chicago on numerous occasions.

92.     Remedies for CMWO violations include treble damages for Plaintiff and class.

VIOLATIONS OF THE CMWO – FAILURE TO PROVIDE PAID SICK LEAVE

93.     The Chicago City Council unanimously approved a new paid sick leave ordinance that will require every employer in the city to provide at least some paid time off to employees for sick leave purposes.

94.     The ordinance is effective as of July 1, 2017 and covers any employee who works within Chicago's city limits and works 80 or more hours within a 120-day period.

95.     Plaintiff worked for Defendants more than 80 hours in the City of Chicago before July 1, 2017, thus Plaintiff is covered by the CMWO- sick leave provisions.

96.     Plaintiff worked for Defendants far more than 80 hours in the 120 day period, thus Plaintiff is covered by the CMWO- sick leave provisions.

97.     Defendant's security employees, the CWMO class, also began working on or after July 1, 2017 and worked more than 80 hours in a 120 day period, thus the class is also covered by the CMWO sick leave provisions.

98.     The CMWO sick leave provisions requires Employers must provide workers the right to accrue and use up to 5 paid sick days (or 40 hours) per year, earned at a minimum rate of one hour for every 40 hours worked and accrual of Paid Sick

Leave must begin on an employee's first day or employment, or July 1, 2017 for existing employees.

99. Here, Defendants failed to provide any paid sick days, and failed to accrue sick leave beginning on July 1, 2017.

100. Further the Plaintiff and Class must be paid for sick leave at a rate equivalent or greater than the full Chicago minimum wage, again Defendants fail to provide ANY paid sick leave at any rate much less the CMWO rate of pay.

101. The Defendant's unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendants' employees.

102. Defendant's consented, were knowledgeable of that they were paying the overtime rate of pay incorrectly.

103. Plaintiff is paid on an hourly pay rate and is classified as "non-exempt" employee by Defendant.

104. Plaintiffs and the class employees were not paid the proper rate of overtime wages.

105. This is a FLSA violation because the Plaintiff works beyond forty (40) hours, thus Plaintiff is owed time-and-half of his regular pay for ALL hours beyond 40.

106. Further this also a violation of the Plaintiff's rights under Illinois Minimum Wage law and Illinois over-time wage law and IWPCA.

107. The FLSA defines the "regular rate" as all remuneration for employment paid to or on behalf of the employee, before any deductions from wages are made. (See 29 U.S.C. §207(e); 29 C.F.R. §778.109.)

### GLOBAL'S's Actions were Willful, Knowledgeable and/or Had Reckless Disregard for FSLA Regulations

108. Defendant required and permitted Plaintiff, the Class, and the FLSA Collective, to work more than 40 hours in a week. Defendant did not pay Plaintiff, the Class, and the FLSA Collective the proper overtime rate for all of these overtime hours.

109. Defendant's unlawful conduct has been uniform, widespread, repeated and consistent.

110. Defendant's willful violations are especially demonstrated by their knowledge that its employees were not paid the correct rate of pay.

111. All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law and permitted under Federal Law, Illinois Law and other state laws.

112. All allegations plead herein are plead with personal knowledge as to those allegations to which Plaintiffs have such knowledge and based upon "information and belief" as to all other allegations.

### FIRST CLAIM FOR RELIEF
**Individual and Class Action Against Defendant
Under the Illinois Minimum Wage Law "IMWL"**

113. Plaintiff realleges and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

114. Plaintiff was an employee of the Defendant pursuant to the IMWL.

115. Plaintiff was employed by Defendant as an employee.

20

116. It is and was at all relevant times, a policy of Defendant to pay its employees at straight time for overtime work via: 1) paying cash at straight time rate, 2) paying straight time rate via non-payroll check, 3) paying via bogus "reimbursements".

117. The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting most if not all of the Defendant's employees.

118. As a result of the foregoing, Plaintiffs and members of the Class have been damaged in an amount to be determined at trial.

119. Illinois law contains a three-year statute of limitations regardless of whether the violation was willful. 820 ILCS 105/12(a).

## SECOND CLAIM

**Individual Claim Against Defendant
Under Illinois Wage Payment and Collection Act "IWPCA"**

120. Plaintiff realleges and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

121. Plaintiff was employed by Defendant.

122. It is and was at all relevant times, a policy of Defendant to take deductions without consent of Plaintiff.

123. Any "agreement" to paying less time or lower rate of pay was not voluntary, thus was not an effective "agreement".

124. Further Defendants agreed to pay a rate of pay to the Plaintiff the agreement was to pay $23.00 per hour, yet by Defendant's pay methods (cash, non-payroll, reimbursements and deductions), Defendants violated that agreement, thereby paying less than the agreed rate of pay.

125.  The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendants' employees.

126.  This cause of action arises out of employment contracts or agreements; written and/or oral.

127.  The named Plaintiff was employed by Defendant.

128.  The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendants' employees.

129.  Upon information and belief, all class employees of the Defendant had the same policies imposed upon its employees.

130.  Plaintiff was under the control and direction of the owner of the Defendant and/or his agents during the period of the Plaintiff employment under their contracts of service and in fact.

131.  Plaintiff was not an independent contractor, rather were employee of the Defendant by oral agreement and/or written contract.

132.  Plaintiff employment were in the usual course of business for which such service is performed.

133.  Plaintiff do not possess a proprietary interest in the Defendant.

134.  The Defendant is an "employer" under the terms of the IWPCA section 2.

135.  In accordance with IWPCA, an employer is also defined as: "any officer of a corporation or agents of an employer who knowingly permit such employer to

violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation".

136.    Individual Defendant MONTAGUE A HALL is named as an employer, as he knowingly permitted violations of the IWPCA.

**THIRD CLAIM FOR RELIEF**
**On Behalf of Plaintiff and All Opt-In Employees**
**Against Defendant**
**As a Collective Action**
**(FLSA Claims, 29 U.S.C. § 201 et seq.)**

137.    Plaintiff realleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

138.    The Collective claims include all plead claims found in this complaint which fall within the coverage of FLSA.

139.    The Collective claims include all employees which Defendant has failed to pay at an overtime rate of pay via payment of straight time, rather than time-and-a-half.

140.    At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.   At all relevant times, Defendants has employed, and continues to employ, "employee[s]," including the Plaintiffs, and each of the members of the FLSA Opt-Ins, that have been, and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendants has had gross operating revenues in excess of Five Hundred Thousand and no/100 Dollars ($500,000.00).

141.    At all relevant times, Defendants has engaged, and continue to engage, in a willful policy, pattern, or practice of requiring their employees, including the Plaintiffs

and members of the prospective FLSA Class, to work in excess of forty (40) hours per week without compensating such employees to pay its employees at an overtime rate of pay.

142. At all relevant times, the work performed by security employees including the Plaintiffs and prospective FLSA Opt-Ins, employed at Defendant were, and continue to be, required or permitted by Defendants, for the benefit of Defendants, directly related to such employees' principal employment with Defendants, and as an integral and indispensable part of such employees' employment of Defendants.

143. As a result of the Defendant willful failure to record or compensate its employees – including Plaintiff and members of the prospective FLSA Class – employed by Defendant for all hours worked, Defendant has violated, and continues to violate, the maximum hours provision of the FLSA, 29 U.S.C. § 207(a)(1), and § 215(a).

144. As a result of the Defendant's willful failure to record, report, credit, and/or compensate its employees employed by Defendant, including the Plaintiffs and members of the prospective FLSA Class, Defendant has failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§211(c) and §§ 215(a).

145. The foregoing conduct, as alleged, violated the FLSA, 29 U.S.C. §§ 201 et seq.

146. Plaintiff, on behalf of himself and all FLSA Opt-Ins, seek damages in the amount of their respective unpaid compensation, plus liquidated damages, as provided by

the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

147. Plaintiff, on behalf of himself and all FLSA Opt-Ins, seek recovery of attorneys' fees and costs of action to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

148. Plaintiff has consented to be a party to this action, pursuant to 29 U.S.C. § 216(b).

149. At all times relevant to this action, Plaintiff and all FLSA Opt-Ins were employed by Defendant within the meaning of the FLSA.

150. At all times relevant to this action, Plaintiffs and all FLSA Opt-Ins were engaged in commerce and/or the production of goods for commerce and/or Defendant were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

151. Due to Defendant's FLSA violations, Plaintiff and all FLSA Opt-Ins are entitled to recover from Defendant their unpaid compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b)§ 6 of the Fair Labor Standards Act, 29 U.S.C.A. § 206, 9 FCA title 29, § 206, provides that every employer shall pay to each of his employees who is engaged in interstate or foreign commerce or in the production of goods for such commerce, wages at specified hourly rates.

152. Individual Defendant MONTAGUE A HALL is named as an employer, as he knowingly permitted violations of the FLSA.

## FOURTH CLAIM

### Individual and Class Action Against Defendant
### Under Chicago Minimum Wage Ordinance "CMWO"

153.    Plaintiff realleges and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

154.    Plaintiff is a covered employee by the CMWO

155.    Defendants are covered employers pursuant to the CMWO.

156.    It is and was at all relevant times, a policy of Defendant's to pay its employees at straight time for overtime hours.

157.    The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting most if not all of the Defendant's employees.

158.    As a result of the foregoing, Plaintiff and members of the Class have been damaged in an amount to be determined at trial.

159.    CMWO contains a three-year statute of limitations regardless of whether the violation was willful.

160.    Plaintiff alleges violations of the CMWO based on both wage violations and sick leave violations individually and on a class action basis.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the IWML Class, IWPCA Claims, CMWO Class and the FLSA Collective, pray for the following relief:

A.      That, at the earliest possible time, the Plaintiff be allowed to give notice of these class actions, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years and/or five years immediately preceding the filing

of this suit, up through and including the date of this Court's issuance of Court-supervised notice, as alleged herein this complaint. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to "opt out" of this lawsuit if they believe they were paid all wages due.

B.      That, at the earliest possible time, the Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised notice, to employees whom have been employed by the Defendants and as alleged herein this complaint. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join in this lawsuit if they believe they were not paid all wages for work performed.

C.      Unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting an Illinois Department of Labor and United States Department of Labor regulations;

D.      Unpaid regular wages, and overtime wages pursuant to the IMWL, CMWO, IWPCA and other state wage laws, including repayment of deductions taken from all service employees of Defendants.

E.      Compensation originating from Defendant's company policies, contractual obligations and ERISA requirements owed as a result of unpaid overtime wages;

F.      An injunction requiring Defendants to pay all statutorily-required wages pursuant to Illinois Law;

G.      Certification of this case as a Class action and/or Collective action;

H.       Designation of the Plaintiff as representative of the Class and/or Collective, and counsel of record as Class Counsel;

I.       Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq.* and supporting Illinois Department of Labor regulations and other state wage laws;

J.       Attorneys' fees and costs of this action in accordance with FLSA and Illinois Wage Laws; and

.        K.       Unpaid wages and liquidated damages pursuant to IWPCA and the supporting Illinois Department of Labor regulations;

L.       Liquidated damages in accordance with the IWPCA in the amount of 10 days of wages for each class member;

M.       Consequential damages;

N.       Additional compensation/penalty due to the Plaintiff in accordance with Section 14(b) of the IWPCA in the amount of 2% per month (up to an amount to twice the sum of unpaid wages) due under the IWPCA for the delay in payment of due wages;

O.       Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq* and supporting Illinois Department of Labor regulations;.

P.       Treble damages pursuant to the CMWO.

Q.       and costs of this action; and

R.       Such other relief as this Court shall deem just and proper.

## **COUNT FIVE**

26 U.S.C.A. § 7434
**Civil damages for fraudulent filing of information return**

161. Plaintiff realleges and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

162. This count arises from the Defendants' violation of 26 U.S.C.A. § 7434.

163. Defendants would typically pay the Plaintiff for overtime work hours with a non-payroll check, and/or cash and/or via false "reimbursement" payments. Though there were also entire pay periods, during the Plaintiff's first two-three months of work, where all the Plaintiff's payments (straight time and overtime hours) were paid via cash payments. (hereinafter referred to as "non-payroll payments")

164. From Plaintiff's hire date to his termination in November of 2018, when Defendants reported Plaintiff's earnings to the Internal Revenue Service on Internal Revenue Service forms W2 and W3s it failed to include the non-payroll payments as wages.

165. Defendants' willfully lied to the government in filing the false documents identified herein.

166. Defendants' benefited by doing so. For example, Defendants paid less in Social Security contributions, paid less for workers compensation insurance, paid less in Department of Employment Security payments, and saved money elsewhere due to the Non-Payroll Payments.

167. This also resulted in a loss to Plaintiff as he has been deprived of these benefits, including but not limited to the benefit of the social security contribution that should have been made on their behalf.

168. 26 U.S.C.A. § 7434 provides that**:** "If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."

169. 26 U.S.C.A. § 7434(b) allows for damages of $5,000 per violation along with reasonable attorney fees.

WHEREFORE, Plaintiff prays for a judgment against Defendants seek a judgment for all amounts available pursuant to 26 U.S.C.A. § 7434, including statutory damages, prejudgment interest, and attorney fees and such other relief that is available under the law. Plaintiff also Prays that, at the earliest possible time, the Plaintiff be allowed to give notice of this class actions, or that the Court issue such notice, to all persons who are presently, or have at any time during the six  years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised notice, as alleged herein this complaint.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to "opt out" of this lawsuit.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: December 9, 2018

Respectfully submitted,

By: _____-S-John C. Ireland_____
John C. Ireland

Attorney for the Plaintiff, Collective and Class

The Law Office Of John C. Ireland
636 Spruce Street
South Elgin ILL
60177
 630-464-9675
Facsimile 630-206-0889                    attorneyireland@gmail.com